UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERRY SMITH,

    Plaintiff,

    v.       CAUSE NO. 3:24-CV-316-CCB-MGG

JOHN GALIPEAU, et al.,

    Defendants.

OPINION AND ORDER

Jerry Smith, proceeding without the benefit of a lawyer, initiated this case concerning events that occurred at the Westville Correctional Facility. ECF 1. He filed a motion asking to proceed in forma pauperis. ECF 2. While it appears that Smith completed this form when he was incarcerated, he did not initiate this case until after his release. Smith was instructed that he must either pay the filing fee or file a non-prisoner motion to proceed in forma pauperis. He has now filed two motions to proceed in forma pauperis as a non-prisoner. ECF 7; ECF 8.

When presented with an IFP application filed by a non-prisoner, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See* 28 U.S.C. section 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP petition. *See Smith-Bey*, 841 F.2d at 757. A court must dismiss a case at any time if it determines that the suit is frivolous,

malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To determine whether the suit states a claim under 28 U.S.C. section 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). However, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

In this case, Smith satisfies the financial prong of the analysis, so the court turns to whether the suit has sufficient merit to proceed. Smith's original complaint (ECF 1) suffered from several deficiencies that were outlined for him (ECF 6), and his amended complaint (ECF 9) failed to address all but one of those deficiencies.[1]

The original complaint (ECF 1) was 45 pages, included 138 pages of exhibits, named 84 separate defendants, and asserted a variety of alleged wrongs spanning

---

[1] Smith did not use the correct complaint form, as required by N.D. Ind. L.R. 7-6, and he has now cured that deficiency. ECF 9.

several years. Despite its length, the complaint did not clearly describe what happened. The court explained that Federal Rules of Civil Procedure 8 requires that Smith present his claims with sufficient clarity "to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a claim. *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990); *see also United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (federal pleading standards "require[] parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud"). The court further explained that, to this end, Rule 8 of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The court explained that Smith was not required to include every potential fact or prove his claims at this stage, but mere conclusions were not enough. As the Seventh Circuit has explained:

> Plaintiffs need not lard their complaints with facts; the federal system uses notice pleading rather than fact pleading . . . It is enough to lay out a plausible grievance. A prisoner's statement that he repeatedly alerted medical personnel to a serious medical condition, that they did nothing in response, and that permanent injury ensued, is enough to state a claim on which relief may be granted.

*Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

Smith was told that, if he decided to file an amended complaint, he needed to write a **<u>SHORT AND PLAIN STATEMENT</u>** explaining what happened to him in his own words. He was told that he needed to include dates and explain what each defendant did wrong. He was told that he needed to use each defendant's name every

time he refers to that defendant. He was told that he should *not* quote from cases or statutes, use legal terms, or make legal arguments.

Smith's amended complaint is 44 pages in length and still names 84 defendants. ECF 9. He has omitted the previously included exhibits. He also omitted the second page of his original complaint, which included a jury demand and a statement of the relief he was seeking.[2] ECF 1 at 2. The first and last page of the complaint have been rewritten on the correct form but contain no material alterations. The remainder of the complaint is nearly an exact duplicate of Smith's earlier complaint. There are minor changes; some short phrases have been omitted. *See* ECF 1 at 7, 44; ECF 9 at 6, 43. In short, it does not appear that Smith tried to address the concern that his earlier complaint did not comply with Federal Rule of Civil Procedure 8. Smith is no stranger to this court,[3] and he knows better.

The requirement that complaints be short and plain has been explained to Smith on multiple occasions. Judge Damon Leichty explained this requirement to Smith on July 1, 2022. *See* 3:22-CV-403 (ECF 14, the court "ADMONISHES Jerry Smith that a long, rambling complaint against an excessively large number of defendants alleging a plethora of wrongs will not suffice; his claims must be related to one another[.]"). Smith responded by filing an even longer complaint naming 200 defendants instead of 100. *Id.*

---

[2] This page was still filed with the court, but it was docketed separately. ECF 10.
[3] Smith has filed ten civil cases with this court under the following cause numbers: 2:24-cv-00130-PPS-APR; 2:24-cv-00132-CCB-MGG; 3:22-cv-00403-DRL-MGG; 3:23-cv-00199-JEM; 3:23-cv-00217-DRL-MGG; 3:23-cv-00282-JD-MGG; 3:23-cv-00371-JD-AZ; 3:24-cv-00306-PPS-APR; 3:24-cv-00316-CCB-AZ. He has also filed nine habeas petitions under the following cause number: 3:22-cv-00844-RLM-MGG; 3:23-cv-00353-PPS-MGG; 3:23-cv-00355-MGG; 3:23-cv-00356-MGG; 3:23-cv-00405-DRL-MGG; 3:23-cv-00503-DRL-MGG; 3:23-cv-00677-TLS-JPK; 3:23-cv-00943-DRL-MGG; 3:23-cv-00987-APR.

at ECF 18. The case was dismissed as frivolous on August 30, 2022, and the order dismissing the case again emphasized that complaints must be short and plain. *Id.* at ECF 24.

Magistrate Judge Michael Gotsch reminded Smith of these requirements on August 4, 2023. *See* 3:23-CV-217 (ECF 32). Smith's amended complaint expanded the number of defendants from 89 to 93 and alleged the defendants engaged in retaliation and a racketeering conspiracy in violation of the Racketeer Influence and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c). Judge Leichty again told Smith that complaints must be short and plain on October 30, 2023, before dismissing the case as frivolous. *See* 3:23-CV-217 (ECF 75).

Judge Philip Simon explained these requirements to Smith in an order dated April 18, 2024. *See* 3:24-CV-306 (ECF 4). He responded by filing an unsigned complaint that was not on the form he was sent and directed to use. *Id.* at 6. This history – which is far from complete – demonstrates that the requirements of Federal Rule of Civil Procedure 8 have been explained to Smith repeatedly and he has not taken heed.

Failure to comply with Rule 8, however, is not the only deficiency that Smith's amended complaint failed to address. The court also cautioned Smith that "[u]nrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Smith cannot bring a single lawsuit based on a variety of alleged violations just because they happened at the same facility or within the same time frame. Smith was told that, if he filed an amended complaint, he needed to limit his amended complaint to related claims. The court explained that, when a *pro*

5

*se* plaintiff files a suit with unrelated claims, the court can notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case – as well as to decide when or if to bring the other claims in separate suits. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Smith made no effort to narrow his claims to those that are related. The amended complaint asserts due process violations stemming from at least four separate disciplinary matters. See ECF 9 at 27 (referencing four separate disciplinary matters discussed throughout the complaint). The amended complaint alleges that he endured a variety of unconstitutional conditions of confinement. *Id.* at 28-29 (alleging he was not being fed, his property was destroyed, someone put their finger in his food, he was housed in an area contaminated with urine and feces and without adequate restroom access, and he was subjected to physical and sexual assault). The amended complaint alleges that Lt. Starkes used excessive force against Smith on January 23, 2023. *Id.* at 33. It also alleges that Richard Pirkel sexually violated him by staring at him while he was naked in the shower. *Id.* at 35.

      Smith was told that, if he filed an amended complaint, he should keep in mind that the fact that a government official knows of an alleged wrong does not automatically mean he or she is liable for failing to intervene. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("Public officials do not have a free-floating obligation to put things to rights . . . no prisoner is entitled to insist that one employee do another's job."). Smith made no effort to remove his many allegations against defendants who were not personally involved in any alleged wrongdoing. *See* ECF 9 at 8 ("I sent Commissioner Christina Reagle records to prove my unlawful incarceration, concerning

6

earned credit time and Parole directives making her aware of my rights being violated.")

Smith was also told that, if he filed an amended complaint, he should keep in mind that he has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). He made no effort to remove claims based on such allegations. *See* ECF 9 at 10 ("Issac Randolph [d]enied my grievances, when I had grievable issues of my rights being violated; with proof of IDOC policies. In which warranted relief and have not responded in a timely fashion to Grievances leaving me unlawfully incarcerated.")

Finally, Smith was cautioned that he must avoid including claims that have been brought previously in other cases. *See Smith v. St. Anthony's Hospital*, 3:23-CV-371-JD-JPK (filed May 4, 2023) (naming Velasquez and alleging she violated his due process rights in a prison disciplinary proceeding). He was warned that it is malicious to sue the same person twice based on the same claims. Doing so is an abuse of the judicial process and a waste of judicial resources. It could result in sanctions, including dismissal of this case or a ban from filing in this court. Again, Smith pushes forward, paying no heed to this court's warning. ECF 9 at 15.

Except for using the correct form, Smith's amended complaint fails to correct every deficiency pointed out previously. This court considered dismissing Smith's case now. Instead, Smith will be given one more opportunity to file an amended complaint that addresses the deficiencies that have now been pointed out to him twice in this case.

If Smith files an amended complaint, it must comply with Federal Rule of Civil Procedure 8. In other words, it must be **SHORT AND PLAIN** and should *explain what happened* in his own words. If the complaint Smith returns does not comply with Rule 8, this case will be dismissed.

If Smith files an amended complaint, he must raise only related claims. If he does not, the court may choose to exercise its authority to pick a claim (or related claims) for him. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

If Smith files an amended complaint, he should sue only those who were involved in the alleged wrongdoing. Similarly, Smith should not sue individuals merely because they addressed (or failed to address) his grievances. Finally, if Smith files an amended complaint, he must not raise allegations here that have been raised against the same defendant in another case.

For these reasons, the court:

(1) TAKES UNDER ADVISEMENT the motions to proceed in forma pauperis (ECF 7; ECF 8);

(2) DIRECTS the clerk to place this cause number on a blank copy of this court's non-prisoner civil complaint form (INND Rev. 04/24) and send it to Jerry Smith;

(3) GRANTS Jerry Smith until **July 26, 2024**, to file another amended complaint that addresses the deficiencies pointed out in this order on the form provided; and

(4) CAUTIONS Jerry Smith that, if he does not respond to this order by the deadline, the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is frivolous and malicious.

SO ORDERED on June 27, 2024.

                                              s/ Cristal C. Brisco
                                              CRISTAL C. BRISCO, JUDGE
                                              UNITED STATES DISTRICT COURT